UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LI MEN,

    Plaintiff,

    v.                                                          Case No. 24-CV-474-SCD

INGURAN LLC,

    Defendant.

## ORDER

On April 19, 2024, Li Men filed a federal complaint asserting that her former employer, Inguran LLC, discriminated against her on the basis of her age and retaliated against her for complaining about discrimination. *See* ECF No. 1. The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 2 & 9. Men, who is proceeding without a lawyer, amended her complaint in June 2024. *See* ECF No. 3.

In July 2024, the court held a scheduling conference with the parties. *See* ECF No. 14. At the conference, the court granted Men's request to amend her complaint again to add factual allegations and update her requests for relief. *See* ECF No. 15. The court also issued a scheduling order, which gave Inguran until August 23, 2024, to respond to the second amended complaint; required "[a]ll requests for discovery [to] be served by a date sufficiently early so that all discovery in this case can be completed no later than **February 15, 2025**"; and set March 15, 2025, as the dispositive motions deadline. *See* ECF No. 16. Thereafter, Inguran timely filed its answer, *see* ECF No. 17, and the parties engaged in discovery.

In February 2025, Men filed five motions: (1) for leave to amend her complaint, ECF No. 23; (2) to extend the discovery deadline, ECF No. 25; (3) for permission to file electronically, ECF No. 28; (4) for a protective order, ECF No. 29; and (5) to compel discovery responses, ECF No. 30. I will address each in turn.

**(1)   Motion for leave to amend complaint (damages only)**

Men seeks leave to amend her complaint for a third time "to update the damages sought." ECF No. 23 at 1. According to Men, "all claims, allegations, and factual allegations [would] remain unchanged." *Id.* Inguran opposes the motion. *See* ECF No. 26.

Because Men has already amended her complaint twice, she may amend her pleading again "only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). "Leave to file 'shall be given freely when justice so requires.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)). "Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including: 'undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Id.* (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)). "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Id.* (quoting *Park*, 297 F.3d at 613).

Men's proposed amendment is futile. She does not offer any additional claims or factual allegations. Instead, she wants to add a damages claim for emotional suffering and the intentional infliction of emotional distress. But Men has not plausibly alleged an emotional

2

distress claim. The only claims raised in her amended complaint are for discrimination and retaliation under the Age Discrimination in Employment Act. *See* ECF Nos. 3 & 15. "Under the ADEA, a plaintiff may recover monetary damages in the form of back pay or liquidated damages for willful conduct, and may also, in certain circumstances, obtain equitable relief such as reinstatement or front pay." *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (internal citations omitted). "Plaintiffs may not, however, recover money damages for pain and suffering." *Id.* (citing *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 687–88 (7th Cir. 1982)). Because Men cannot recover damages for emotional suffering caused by age discrimination, her proposed amendment is futile.

Men later filed a "supplement" indicating that she is prepared to file an amended motion explicitly asserting intentional infliction of emotional distress as a separate claim in her proposed third amended complaint. *See* ECF No. 31. She says that she first became aware of the legal basis for an emotional distress claim in late January 2025. According to Men, she initially believed that she could pursue emotional distress damages under her existing claims. However, Men indicates that she's since learned that intentional infliction of emotional distress must be pled as a separate cause of action under Wisconsin law.

Men's request to add a separate claim for intentional infliction of emotional distress is untimely and unfairly prejudicial to Inguran. Men filed this action in April 2024, and she has already twice amended her complaint. She filed this motion to amend on February 3, 2025—nearly ten months after commencing this action and just twelve days before the February 15, 2025 discovery deadline. The parties have completed extensive discovery, and Inguran has already taken Men's deposition. Moreover, in its response to Men's motion, Inguran asserted that it was in the process of drafting a motion for summary judgment in advance of the court's

3

March 15, 2025 dispositive motions deadline. ECF No. 26 at 7. Since then, both the discovery deadline and the dispositive motions deadline have passed, and both parties have filed summary-judgment motions. *See* ECF Nos. 32, 33 & 41.

Allowing Men to add a claim for intentional infliction of emotional distress would significantly delay this matter. It would require the court to reopen discovery to allow Inguran to investigate this new claim and depose Men a second time. The court would also need to extend the dispositive motions deadline, which likely would result in a second round of summary-judgment motions. At this stage in the proceedings, those actions would be highly prejudicial to Inguran.

Because justice does not require granting leave in this case, the court will deny Men's motion for leave to amend her complaint.

**(2)  Motion to extend discovery deadline**

Apparently recognizing the eleventh-hour nature of her request for leave to amend, Men seeks to extend the discovery deadline by two months, until May 15, 2025. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Men seeks to extend the discovery deadline so she can pursue medical treatment and obtain other evidence to support her proposed intentional infliction of emotional distress claim. She asserts that financial constraints prevented her from seeking medical attention for her alleged emotional distress earlier.

Men has not satisfied Rule 16's good-cause requirement. First, as explained above, allowing Men to add an intentional infliction of emotional distress claim would be unfairly prejudicial to Inguran, which has already completed extensive discovery and moved for summary judgment. Second, Men improperly seeks to extend the discovery deadline not to

4

obtain existing documents or other evidence but to pursue medical treatment that would support a new claim for relief in the first place. Inguran terminated Men's employment in August 2022; she's had plenty of time to develop her claims. Finally, Men's own pleadings contradict her alleged financial constraints, as she admits that she has been working since September 2022. *See* ECF No. 15 at 4. Because Men has failed to establish good cause to modify the scheduling order, the court will deny her motion to extend the discovery deadline.

**(3) Motion for permission to file electronically**

Next, Men seeks permission to electronically file and receive documents using the court's electronic filing system "or any other electronic filing system available to self-represented litigants." ECF No. 28. There is no alternative electronic filing system available. And Men does not explain why this district's standard practice, whereby self-represented litigants file documents in person or via U.S. mail, won't work for her. Because Men fails to provide a reason to grant her an exception to this district's standard practices for self-represented litigants, the court will deny her motion for permission to file electronically.

**(4) Motion for protective order**

Men also seeks a protective order prohibiting Inguran (or its lawyer) from contacting her current employer and ensuring that her employment information remains confidential. During her deposition, Men refused to disclose the name of her current employer. *See* Janisch Aff. Ex. B, at 159:10–160:14, ECF No. 39-2. Inguran indicates that, if any of Men's claims survive summary judgment, the company will need to know the new employer's identity so that it can issue a trial subpoena to verify Men's damages claims, including mitigation. Because it appears that Inguran does not know the employer's identity, and because Inguran concedes that information is needed only if the court denies the company's summary-

judgment motion, the court will deny without prejudice Men's motion for a protective order. Men may renew her motion if any of her claims survive summary judgment.

**(5)    Motion to compel**

Finally, Men seeks an order compelling Inguran to respond to certain discovery requests. Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, this district's local rules require a discovery movant to submit "a written certification . . . that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." E.D. Wis. Civ. L. R. 37. The movant must also "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." *Id.*

Men's motion to compel is procedurally deficient. It does not include the required certification. Nor does it identify any conferences with defense counsel. "The failure to meet and confer, on its own, is a reason for the court to deny the plaintiff's motion to compel." *Gove v. Sargento Foods, Inc.*, No. 18-cv-1335-pp, 2023 WL 2652627, 2023 U.S. Dist. LEXIS 51272, at *10–11 (E.D. Wis. Mar. 27, 2023).

Men's motion to compel also fails on its merits. She seeks an order compelling Inguran to provide full and complete responses to her third, fifth, sixth, seventh, and eighth sets of requests for production. Inguran asserts that it responded to the third set of requests for

6

production on February 20, 2025, *see* ECF No. 38 at 3—several days before Men filed the motion to compel—and Men does not identify any deficiencies with that supplemental production. Thus, Men has failed to justify compelling Inguran to respond to her third set of requests for production.

Men's other requests are untimely. The federal rules give parties thirty days to respond to discovery requests, *see* Fed. R. Civ. P. 34(b)(2)(A), and the court's scheduling order—entered on July 30, 2024—required discovery to be completed by February 15, 2025, *see* ECF No. 16 at 1. Men served her fifth set of requests for production on January 23, 2025; the sixth on January 31, 2025; the seventh on February 11, 2025; and the eighth on February 12, 2025. *See* ECF No. 30 at 2; *see also* ECF No. 30-1 at 10. Despite having six and a half months to seek and complete discovery, Men did not serve her fifth, sixth, seventh, or eighth production requests in time so that discovery could be completed by the February 15 deadline.

Men provides three excuses for her late requests, but none is persuasive. First, she attempts to blame Inguran, asserting that the company failed to fully respond to her previous, timely requests for discovery. Men, however, does not point out any specific deficiencies or explain why the company's other disclosures were inadequate. Second, she argues that the scheduling order does not bar her requests because Inguran can respond sooner than the thirty-day deadline. It's true that "[a] shorter . . . time may be stipulated to . . . or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). But Inguran has not stipulated to shortening its response deadline, and Men did not request and has not justified the court ordering that relief. Third, she claims she misunderstood the discovery deadline and believed her requests had to be *submitted* by February 15. The court's scheduling order was crystal clear: "All requests for discovery must be *served* by a date sufficiently early so that all discovery in this case can be

7

completed no later than **February 15, 2025**." ECF No. 16 at 1 (emphasis added). Men served several of her requests just days before the deadline, and all within thirty days of the deadline. That was not sufficiently early.

Because Inguran has sufficiently responded to Men's third set of requests for production, and because Men's other requests were untimely, the court will deny Men's motion to compel.

\* \* \*

Accordingly, for all the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to amend complaint, ECF No. 23; **DENIES** the plaintiff's motion to extend discovery deadline, ECF No. 25; **DENIES** the plaintiff's motion for permission to file electronically, ECF No. 28; **DENIES without prejudice** the plaintiff's motion for protective order, ECF No. 29; and **DENIES** the plaintiff's motion to compel, ECF No. 30.

**SO ORDERED** this 10th day of April, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge