UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LI MEN,

    Plaintiff,

v.                                                                    Case No. 24-CV-474-SCD

INGURAN LLC,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

On April 19, 2024, Li Men filed a federal complaint asserting that her former employer, Inguran LLC, discriminated against her on the basis of her age (Men was born in 1969) and retaliated against her for complaining about discrimination. *See* ECF No. 1. The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 2 & 9. Men, who is proceeding without a lawyer, amended her complaint in June 2024 to add factual allegations to support her claims. *See* ECF Nos. 3 & 3-1. Men amended her complaint again in July 2024. *See* ECF No. 15. Like the previous complaints, the second amended complaint asserts claims for age discrimination and retaliation.

On February 3, 2025, Men sought leave to amend her complaint for a third time. *See* ECF No. 23. Although Men purportedly sought to update only the damages sought—adding emotional distress damages—she later filed a "supplement" indicating that she was prepared to file an amended motion explicitly asserting intentional infliction of emotional distress as a

separate claim in her proposed third amended complaint. *See* ECF No. 31. I denied the motion, finding that the proposed amendment was futile and that Men's request to add a separate claim for intentional infliction of emotional distress was untimely and unfairly prejudicial to Inguran. *See* ECF No. 52 at 2–4.

Since Men sought leave to file a third amended complaint, the parties have engaged in extensive briefing of other issues. On March 12, 2025, Men filed motions for summary judgment on her claims. *See* ECF Nos. 32 & 33. Inguran filed its own motion for summary judgment a few days later. *See* ECF No. 41. The following month, Inguran moved to strike Men's errata sheet. *See* ECF No. 80. Men countered with a motion to strike her deposition transcript. *See* ECF No. 89. On June 18, 2025, I held a status conference with the parties to clarify the various filings. *See* ECF No. 94. By that time, briefing on Men's motions for summary judgment was complete. *See* ECF Nos. 54 & 84. Briefing on the other motions wrapped up on July 14, 2025. *See* ECF Nos. 59, 90, 95, 97, 101, 107, 110.

That same day, Men moved for reconsideration of my order denying leave to amend or, in the alternative, for leave to file a third amended complaint. *See* ECF No. 111. Men again seeks to add a state-law claim for intentional infliction of emotional distress. She also wants to "clarify" that her age discrimination and retaliation claims are brought under the Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964. Inguran opposes the motion. *See* ECF No. 117.

District courts have broad discretion to revisit their interlocutory orders. *See Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009) (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006)). For example, under Rule 54 of the Federal Rules of Civil Procedure, "any order . . . that adjudicates fewer than all the claims or the rights and liabilities

of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "A motion for reconsideration under Rule 54(b) serves a very limited purpose in federal civil litigation; it should be used only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Knowlton v. City of Wauwatosa*, No. 20-CV-1660, 2022 WL 16534159, 2022 U.S. Dist. LEXIS 196399, at *2-3 (E.D. Wis. Oct. 28, 2022) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "While '[a] court has the power to revisit prior decisions of its own,' courts 'should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *Id.* at *3 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

Men does not accuse me of committing a manifest error of law or fact in previously denying leave to amend, and she does not present any newly discovered evidence. Rather, she says that denying leave to amend would result in manifest injustice by foreclosing a timely intentional infliction of emotional distress claim that purportedly arises from the same facts already before the court. I disagree.

In denying leave to amend back in April, I found that Men's request to add a separate emotional distress claim was untimely and would have been unfairly prejudicial to Inguran. *See* ECF No. 52 at 2–4. That's even more true now. Discovery has closed, and the parties' cross-motions for summary judgment are fully briefed. Allowing Men to add a new claim now would essentially restart this case as to that claim and, therefore, significantly delay this matter. Men's request is far too late.

3

Men's proposed amendment is also futile to the extent she seeks to add a new legal theory to her case. The proposed third amended complaint indicates that Men's retaliation claim is brought under both the ADEA *and* Title VII. *See* ECF No. 111-1. However, all Men's factual allegations pertain to age discrimination. *See* ECF Nos. 1, 1-1, 3, 3-1, 15, 111-1. She never alleges discrimination or retaliation on the basis of her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. Thus, adding a citation to Title VII would confuse, not clarify, her claims.

Because Men has not demonstrated any extraordinary circumstance that warrants reconsideration, and because justice does not require granting leave in this case, *see* Fed. R. Civ. P. 15(a)(2), the court **DENIES** the plaintiff's motion for reconsideration of order denying leave to amend, or in the alternative, motion for leave to file third amended complaint, ECF No. 111.

**SO ORDERED** this 31st day of July, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge