UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LI MEN,

    Plaintiff,

    v.                                                                Case No. 24-CV-474-SCD

INGURAN LLC,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER

    In April 2024, Li Men filed a federal complaint asserting that her former employer, Inguran LLC, discriminated against her on the basis of her age and retaliated against her for complaining about discrimination. *See* ECF No. 1. The matter was randomly assigned to this court, and all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 2 & 9. On September 4, 2025, I denied Men's motions for summary judgment and granted Inguran's motion for summary judgment on both claims. *See* Decision & Order, ECF No. 120. Judgment was entered that same day. *See* J., ECF No. 121. On September 19, 2025, Men moved to reconsider my summary judgment ruling under Rule 59(e) of the Federal Rules of Civil Procedure. *See* Pl.'s Mot. Recons. Summ. J. Order, ECF No. 125.

    "Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "Rule 59(e) 'does not provide a vehicle for a party to undo

its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" *Barrington Music Prods. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). Rather, "[a] motion under Rule 59(e) may be granted only if there has been a manifest error of fact or law, or if there is newly discovered evidence that was not previously available." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co.*, 722 F.3d at 954).

Men does not present any newly discovered evidence in support of her motion for reconsideration; instead, she argues that reconsideration is warranted under Rule 59(e) to correct manifest errors of law and fact and to prevent manifest injustice. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Apfel*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1998)). Thus, "[r]elief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)).

Men identifies eight potential sources of manifest error, but none warrant relief under Rule 59(e). First, Men accuses me of ignoring her supporting evidence. I didn't. Men's summary judgment materials consisted of hundreds of pages of documents, including a dozen of her own, lengthy declarations and fifty exhibits. *See* ECF Nos. 35–36, 60-2–60-10, 60-12, 61–65, 68–73, 77, 82–83, 87, 115 & 115-1. As I explained in my summary judgment decision, I carefully examined each piece of evidence Men submitted, including the sixteen "contradictions" Men identified within Declaration 9. *See* Decision & Order 3, 7–10, 12–13,

23–25. To the extent I failed to explicitly discuss one of those contradictions, that's because it was immaterial to Men's discrimination or retaliation claim. Men's complaint therefore is not that I failed to consider her supporting evidence, but rather that I didn't rule in her favor. That's not an appropriate ground for relief under Rule 59(e).

Second, Men criticizes me for rejecting her comparator evidence. She says Inguran admitted that comparators existed during administrative proceedings but refused to produce that evidence in discovery in this case. Men reads too much into the company's EEOC position statement. Inguran did not admit that there were other employees similarly situated to Men in all material respects. Rather, the company simply argued that Men was not treated less favorably than her colleagues. *See* Exhibit 4, ECF No. 36 at 5–16. Men therefore has not shown any discovery misconduct by Inguran that I endorsed.

Third, Men accuses me of misreading or misunderstanding several pieces of evidence. She says that I got the date of the contaminated sample incident wrong, that I erred in finding that she misplaced a lab sample in July 2022, that I erroneously concluded that co-workers repeatedly complained about her to HR, and that I overlooked evidence showing that her requests for help were unfairly recast as misconduct. Men misreads or misunderstands my decision. While I mentioned those incidents in the background section of my decision or when describing Inguran's arguments, *see* Decision & Order 10–12, 22, ultimately I did not rely on them to rule in favor of Inguran. The undisputed facts established that the company had a legitimate, non-discriminatory reason for terminating Men's employment, even if I put aside the contaminated sample incident, the lost sample incident, and the complaints from colleagues.

3

Fourth, Men argues that I did not apply equal treatment to the parties' evidence. She says that I unfairly credited Inguran's supporting affidavits and declarations while disregarding her sworn statements. Again, Men cites a portion of the decision summarizing Inguran's argument, not my findings. *See* Decision & Order 3 ("Inguran complains that Men's declarations are riddled with unsupported and inadmissible opinion statements, not facts."). While I agreed that some of Men's declarations contained speculative statements based on her personal belief, I disregarded only those statements where Men speculated about another person's intent. The evidence cited by Inguran did not involve similar speculation.

Fifth, Men maintains that I relied heavily on Inguran's subjective performance reviews. She says that subjective evaluations are susceptible to discriminatory abuse, and she accuses me of treating the company's evals as undisputed fact. I did rely in part on the performance evaluations as support for Inguran's legitimate, non-discriminatory reason for terminating Men's employment. But as I explained in my decision, the issue in employment discrimination cases "is not whether the employer's stated reason was inaccurate or unfair, but whether the employer honestly believed the reasons it has offered to explain the discharge." Decision & Order 23 (quoting *Coleman v. Donahoe*, 667 F.3d 835, 852 (7th Cir. 2012)). Men failed to present evidence from which a reasonable jury could find that Inguran's proffered justifications were pretextual. Specifically, the lack of objective support for each rating within the performance evaluations did not call into question the authenticity of the entire evaluation process. Because Men did not present sufficient evidence suggesting that the company was dissembling, any overreliance on subjective criteria is immaterial.

Sixth, Men criticizes me for repeatedly supplying reasons to defend Inguran's actions that the company didn't offer itself. She says that I improperly interpreted the employee

4

handbook, erred in dismissing her comparator evidence, relied on unsupported characterizations of her performance, improperly resolved factual disputes in the company's favor, and erroneously dismissed her statistical evidence. Most of those examples, however, amount to dissatisfaction with the summary judgment ruling, not a wholesale disregard, misapplication, or failure to recognize controlling precedent. Construing the evidence in favor of Inguran and resolving factual disputes in the company's favor would constitute manifest errors. But that's not what I did. Rather, I simply noted that the handbook did not say what Men purported it said and that the company was not compelled to select the lowest performers for the reduction in force. And Men has not provided any admissible evidence rebutting Katiana Oliveira's sworn statement that she wasn't aware of Men's complaint to HR.

Seventh, Men insists that I clearly erred when I excused a contradiction that she says supported her pretext argument. Inguran did not consistently identify the number of employees selected for the RIF: the separation agreement said it was four, the EEOC position statement said nine, and in discovery the company said it was just three. I found that Inguran provided a good explanation for those discrepancies that was supported by record evidence. *See* Decision & Order 24. I also noted that Men failed to offer any evidence to contradict the company's explanation or explain why the precise number of employees selected was crucial to the overall legitimacy of the RIF. In other words, any dispute over Inguran's alleged shifting numbers is immaterial; Men does not—and cannot—dispute that two other, low-performing younger employees were also terminated as part of the RIF.

Finally, Men argues that material factual disputes precluded summary judgment. Men, however, also moved for summary judgment on liability, which would have been appropriate only if there were *no* genuine disputes as to any material facts. *See* Fed. R. Civ. P. 56(a). That

5

contradiction aside, Men simply rehashes the arguments she made in opposing Inguran's motion for summary judgment—the age composition of the lab, alleged selective enforcement of rules violations, incomplete performance review records, the legitimacy of the RIF, and alleged retaliatory timing. Put simply, Men has not demonstrated that I committed a manifest error of law or fact in rejecting those arguments.

In sum, Men has not presented any newly discovered evidence or demonstrated that I committed a manifest error in entering summary judgment in favor of Inguran. Accordingly, for all the foregoing reasons, the court **DENIES** the plaintiff's motion for reconsideration of summary judgment order, ECF No. 125.

**SO ORDERED** this 4th day of December, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge